IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN ERIC DEMARCO

           Plaintiff,

vs.                                         CIVIL NO.   07-593 WJ//LFG

BARBARA DOWDOITZ
and VICTOR DEMARCO,

           Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING LIMITED WAIVER OF COSTS
## AND DISMISSING LAWSUIT WITHOUT PREJUDICE

### Waiver of Filing Fee

Plaintiff Brian Eric Demarco ("Demarco") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees. The *in forma pauperis* statute, 28 U.S.C. § 1915 authorizes a court to waive filing fees and various court costs. The intent of this statute is to facilitate access to courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Demarco submitted an Amended Affidavit indicating he is indigent. He is unemployed and receives a supplemental security income payment. He owns no stocks, bonds or savings, and has no other assets to utilize in the prosecution of this litigation. Based on Demarcos' affidavit, the Court will grant a limited waiver of costs and authorize the filing of his Complaint without the payment of a filing fee. Service of process fees, however, are denied, as Demarco's Complaint will be dismissed

without prejudice.

## *Sua Sponte* Analysis of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992).

In response to this congressional concern, federal courts were authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, federal courts now conduct a *sua sponte* review of an *in forma pauperis* complaint pursuant to this section to determine if the complaint can withstand Fed. R. Civ. P. 12(b)(6) scrutiny. If the court concludes that the complaint does not meet 12(b)(6) standards, the complaint may be dismissed. If the defect is in the pleading and the pleadings are subject to being cured by appropriate allegations, the dismissal of a complaint will be without prejudice.

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Demarco's Complaint.

## Allegations of Federal Court Jurisdiction

Demarco seeks to bring his lawsuit pursuant to 42 U.S.C. § 1983, asserting that this is a civil rights complaint. Claims pursuant to § 1983 allow for court relief when a party's federally protected rights have been violated by state or local officials or by other persons acting under color of state law.

Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federally protected right"; and, (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

## **Analysis**

Demarco's Complaint fails to satisfy both prongs of the Gomez v. Toledo test. Demarco fails to identify what constitutional or federally protected right was violated, and, more importantly, notes that the alleged violator, his brother, was not acting under color of state or local law.

The present dispute appears to arise out of a meeting between Demarco and his brother and the Social Security Administration. Demarco's brother is alleged to have requested that Demarco sign an authorization naming the brother as Demarco's representative payee. Demarco contends that there was no prior discussion concerning the paperwork and that he signed "under duress."

Demarco indicates that the meeting occurred in the office of the Social Security Administration, and, apparently, and for that reason, he named Barbara Dowdoitz, a Social Security Administration employee, as a defendant. Demarco fails to identify anything that Ms. Dowdoitz did to violate his constitutional or federally protected rights. The allegations as against both Defendants are simply insufficient to satisfy the requirements for Section 1983 litigation.

The Court makes no comment on whether Demarco's allegations against his brother, if true, might constitute some other claim or cause of action against the brother. However, suffice to say that with the present allegations, given the fact that the brother is not a state actor and was not acting under color of state law, a civil rights complaint may not proceed.

So, too, the claim is deficient as against the Social Security Administration employee. Section 1983 may not be used in claims against federal employees. Those claims, if they exist at all, must be brought as action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). The Court does not comment on the merits of Demarco's claims, but states that the present claims do not come within the federal court's jurisdiction. Thus, the Court will dismiss Demarco's Complaint without prejudice. If Demarco chooses to file another complaint in a federal court, he is admonished to comply with the pleading requirements of Fed. R. Civ. P. 8, as well as the investigative and certification requirements of Fed. R. Civ. P. 11.

IT IS THEREFORE ORDERED that Demarco is granted limited waiver of costs.

IT IS FURTHER ORDERED that Demarco's Complaint is DISMISSED without prejudice.

UNITED STATES DISTRICT JUDGE